# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHRISTOPHER GILKEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | )     **Case No. 11-1369-JAR** |
| **ADT SECURITY, INC.,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Strike Plaintiff's Demand for Jury Trial (Doc. 29).  Plaintiff, appearing *pro se*, filed his state court Petition on November 2, 2011, in Sedgwick County District Court, case no. 11-CV-3935, alleging retaliation in violation of Title VII of the Civil Rights Act of 1964.[1]  Plaintiff did not request a jury trial in his state court petition.  Defendant removed the matter to this Court on November 28, 2011, pursuant to its Notice of Removal.[2]  Plaintiff participated in the Court's telephonic scheduling conference on February 13, 2011.  On that same date, the Magistrate Judge entered a Scheduling Order providing that the trial of this case would take approximately three days, and setting it for a bench trial on January 28, 2013.[3]  Plaintiff did not request a jury trial until he filed his Demand for Jury Trial on April 11, 2012.[4]  Defendant moves this Court to strike Plaintiff's Demand for Jury Trial as untimely filed.  Plaintiff has not responded to Defendant's motion to strike.

---

[1]Doc. 1 at 5.

[2]*Id.*

[3]Doc. 12 at 9.

[4]Doc. 28.

The Federal Rules of Civil Procedure apply to civil actions after they are removed from state court.[5]  Rule 81(c)(3) provides that:

> A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal.  If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time.  The court must so order at a party's request and may so order on its own.  A party who fails to make a demand when so ordered waives a jury trial.[6]

Pursuant to this rule, Plaintiff could have filed a demand for jury trial in state court before removal, and that demand would have been sufficient after removal.  However, because Plaintiff failed to do so, Rule 81 provides that a party is entitled to a jury trial under Rule 38 if "the party serves a demand within 14 days after . . . it is served with a notice of removal filed by another party."[7]  Likewise, Rule 38(b) provides in pertinent part that a party may demand a jury trial by "serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served" and filing the demand with the court.[8]

A party that fails to make a jury trial demand within the 14 days required by either Rule 81(c)(3)(B) or Rule 38(b), waives his or her right to a jury trial.  Plaintiff did not serve his jury trial demand within 14 days after removal nor did he demand a jury trial in the jointly prepared Report of Parties' Planning Conference.[9]  Under Rule 38(d), failure to make a timely

---

[5]Fed. R. Civ. P. 81(c)(1).

[6]Fed. R. Civ. P. 81(c)(3)(A).

[7]*See* Fed. R. Civ. P. 81(c)(3)(B)(ii).

[8]Fed. R. Civ. P. 38(b).

[9]*See* Doc. 30-1.

demand for jury trial is a waiver.  However, Rule 39(b) provides that the court may nevertheless grant a jury trial "on motion" and "on any issue for which a jury might have been demanded."[10] Plaintiff did not file a motion pursuant to Rule 39(b), but instead filed his Demand for Jury Trial, which contained only the following sentence: "Plaintiff demands a jury trial as permitted by Fed. R. Civil. P. 38."[11]  However, in light of Plaintiff's *pro se* status, the Court will construe the pleading as a Rule 39(b) motion.[12]

The Tenth Circuit held in *Nissan Motor Corp. v. Burciaga*, that "absent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial."[13]  In *Nissan*, where the petitioner gave no excuse for its untimely request except mere inadvertence or oversight, the Tenth Circuit held that "it would not be an abuse of discretion to deny relief pursuant to Rule 39(b) when the failure to make a timely jury demand results from nothing more than the mere inadvertence of the moving party."[14]  However, this holding does not mean that a jury demand must be denied in such cases.[15]  The court has broad discretion.[16]

The Court finds that there is no strong and compelling reason to deny Plaintiff's request for a jury trial.  Plaintiff filed his request while discovery was still ongoing in this case, and

---

[10]Fed. R. Civ. P. 39(b).

[11]Doc. 28.

[12]*See Sch.-Link Tech., Inc. v. Applied Res.*, 471 F. Supp. 2d 1101, 1120 (D. Kan. 2007) (construing a Request for Jury Trial as a Rule 39(b) motion).

[13]*Nissan Motor Corp. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992) (*per curiam*) (citation omitted).

[14]*Id.* (citations omitted).

[15]*Goff v. Owen Healthcare, Inc.*, 166 F.R.D. 492, 495 (D. Kan. 1996).

[16]*Paramount Pictures Corp. v. Thompson Theatres*, 621 F.2d 1088, 1090 (10th Cir. 1980).

before the final pretrial conference.  Defendant has not alleged any bad faith on Plaintiff's part,

nor has it alleged that it will be prejudiced by the delay.[17]  Lack of prejudice and lack of legal

assistance are both factors the court may consider in granting a request for a jury trial.[18]  Because

there are no strong and compelling reasons to the contrary, the Court exercises its discretion

under Rule 39(b) and grants Plaintiff's request for a jury trial.  Defendant's motion to strike

Plaintiff's demand is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Strike

Plaintiff's Demand for Jury Trial (Doc. 29) is **DENIED**.

**IT IS SO ORDERED.**

**Dated: May 25, 2012**

       **S/ Julie A. Robinson**
       **JULIE A. ROBINSON**
       **UNITED STATES DISTRICT JUDGE**

---

[17]*See Cont'l Casualty Co. v. Multiservice Corp.*, No. 06-2256-CM, 2007 WL 3379701, *1-2 (D. Kan. June 11, 2007); *Goff*, 166 F.R.D. at 495.

[18]*Meister v. Kansas City*, No. 09-2544-EFM, 2011 WL 765887, *7 (D. Kan. Feb. 25, 2011) (citing *Megadyne Med. Prods. v. Aaron Med. Indus.*, 170 F.R.D. 28, 29 (D. Utah 1996); *Members v. Paige*, 140 F.3d 699, 704 (7th Cir. 1998)).