IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTOPHER GILKEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 11-1369-JAR-KGG ) ) |
| ADT SECURITY SERVICES, INC., | ) ) ) |

### MEMORANDUM AND ORDER

Now before the Court is Plaintiff's Motion to Compel (Doc. 22) seeking the production of document requests from Defendant. Having reviewed the submissions of the parties, as well as various pleadings in this case, the Court **DENIES** Plaintiff's motion as discussed below.

Plaintiff, who is representing himself *pro se*, filed his action in Sedgwick County, Kansas, District Court, alleging claims of race discrimination and retaliation in employment. (Doc. 1, at 5-6.) Defendant removed the action to federal court, generally denying Plaintiff's allegations. (Doc. 1; Doc. 6.)

Plaintiff served a subpoena on defense counsel in January 2012, seeking certain financial records of Defendant. (*See* Doc. 10.) Defendant moved to quash the subpoena, arguing that it was not properly served in accordance with Fed.R.Civ.P. 45(b)(1) and 4(h). (*Id.*, at 2.) Defendant argued that the proper way

for Plaintiff to obtain the documents from Defendant was through a Rule 34 request for production rather than a subpoena.  (*Id.*)

The parties agreed to have the motion discussed during the Scheduling Conference which occurred on February 13, 2012.  (Doc. 11, text entry.)  In doing so, Plaintiff waived the right to file a formal, written response to the motion to quash.  (*Id.*)  At the Scheduling Conference, the undersigned Magistrate Judge granted Defendant's motion to quash, but held that the documents requested by the subpoena "shall be treated by the parties for all purposes as a Request for Production of Documents properly submitted and served under Rule 34, with a due date 30 days after receipt." (Doc. 11.)

Thereafter, on March 1, 2012, Defendant served its objections to Plaintiff's document requests.  (Doc. 20.)  Plaintiff brings the present motion to compel, arguing that at the Scheduling Conference, Defendant agreed to produce the requested documents, but instead filed objections.  (*See generally* Doc. 22.) Defendant contends that "[a]lthough the parties agreed to treat the subpoena as a document request, counsel for Defendant did not agree to produce the documents requested by the subpoena." (Doc. 26, at 1.)

The Court agrees that there was no agreement by Defendant – nor order by this Court – that the documents requested were to be produced.  Instead, the Court

2

merely ordered Defendant to respond to the document subpoena as if it were a "properly submitted and served" Rule 34 document request.  Pursuant to Rule 34(b)(2)(B),  "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested <u>or state an objection to the request, including the reasons</u>."  Thus, Defendant's choice to object was not *per se* improper.  The Court will, therefore, look at the substance of Defendant's requests.

Fed. R. Civ. P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  As such, the requested information must be both nonprivileged and relevant to be discoverable.  Defendant has made no objections based on claims of privilege, but rather contends that the request is "overly broad, unduly burdensome, irrelevant and not reasonable [sic] calculated to lead to the discovery of admissible evidence because it seeks subject matter beyond the scope of the claims raised in Plaintiff's Complaint and is not limited in temporal scope." (Doc. 26-1, at 2.)  Defendant also objects to the extent the information requested is "confidential, proprietary, trade secret, or commercially sensitive information . . . ." (*Id*.)

3

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." *Teichgraeber v. Memorial Union Corp. of Emporia State University*, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted). "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991). Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden By and Through Victor v. Connaught Lab.*, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).

Defendant contends, and Plaintiff does not dispute, that Plaintiff indicated he was seeking the information "in order to generate a settlement demand as required by the Court and that he could not formulate a punitive damages demand without Defendant's financial documents." (Doc. 26, at 2.) Defendant further contends that after Plaintiff was made aware of the cap on compensatory and punitive damages, he indicated that "he would now be able to generate his settlement demand without obtaining ADT's financial documents." (*Id.*) Because Plaintiff

4

did not reply to Defendant's response, the Court must accept Defendant's summary of Plaintiff's statements as accurate.  Considering Defendant's uncontested summary of Plaintiff's statements regarding the purpose of his request for these documents, the Court finds that the documents requested are indeed irrelevant. Plaintiff's motion to compel (Doc. 22) is, therefore, **DENIED**.  In so ruling, the Court is not foreclosing Plaintiff's ability to seek financial records from Defendant as the case progresses should he advance an adequate reason for seeking such information.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 22) **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 26th day of June, 2012.

 s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge