## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CHRISTOPHER GILKEY,      )
                                      )
                  Plaintiff,      )
                                      )
vs.                                    )     Case No. 11-1369-JAR-KGG
                                      )
ADT SECURITY SERVICES, INC.,      )
                                      )
                 Defendant.     )
_____ )

## MEMORANDUM & ORDER

Before the Court are the following discovery motions[1] filed by the parties in the above-captioned matter:

    1)    Defendant's Motion to Compel (Doc. 33, sealed);

    2)    Plaintiff's Motion to Quash Subpoena (Doc. 38);

    3)    Plaintiff's "Motion to Compel Production of Documents or, for an *In Camera* Inspection of Documents" (Doc. 41); and

    4)    Plaintiff's "Motion to Compel Responses to Plaintiff's Discover [sic] Requests" (Doc. 42).

Having reviewed the submissions and exhibits presented by the parties in addition to various other relevant filings in this case, the Court is prepared to rule.

---

[1] Also pending is Defendant's "Motion for Extension of Discovery Cutoff Deadline for Limited Purpose" (Doc. 53). This motion will be addressed in a separate Order.

## BACKGROUND

Plaintiff, who is representing himself *pro se*, filed his action in Sedgwick County, Kansas, District Court, alleging claims of race discrimination and retaliation in employment.  (Doc. 1, at 5-6.)  Defendant removed the action to federal court, generally denying Plaintiff's allegations.  (Doc. 1; Doc. 6.)

## ANALYSIS

**A.      Motions to Compel (Docs. 33, 41, 42)**.

Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  As such, the requested information must be both nonprivileged and relevant to be discoverable.

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence."  ***Teichgraeber v. Memorial Union Corp. of Emporia State University***, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).  "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action."  ***Smith v. MCI***

*Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991). Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden By and Through Victor v. Connaught Lab.*, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).

Discovery requests must be relevant on their face. *Williams v. Bd. of County Comm'rs*, 192 F.R.D. 698, 705 (D. Kan. 2000). Once this low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections).

Although the scope of discovery is broad, it is not unlimited. If the proponent has failed to specify how the information is relevant, the Court will not require the respondent to produce the evidence. *Gheesling v. Chater*, 162 F.R.D. 649 (D.Kan.1995). Even so, courts look "with disfavor on conclusory or boilerplate objections that discovery requests are irrelevant, immaterial, unduly burdensome, or overly broad." *Id.*, 650. "Unless a request is overly broad, irrelevant, or unduly burdensome on its face, the party asserting the objection has the duty to support its objections." *Sonnino v. University of Kansas Hosp.*

3

*Authority*, 221 F.R.D. 661, n. 36 (D.Kan.2004) (citing ***Hammond v. Lowe's Home***

***Ctrs., Inc***., 216 F.R.D. 666, 670 (D.Kan. 2003)); ***Cont'l Ill. Nat'l Bank & Trust***

***Co. of Chicago v. Caton***, 136 F.R.D. 682, 685 (D. Kan. 1991) (stating that a party

resisting a discovery request based on relevancy grounds bears the burden of

explaining how "each discovery request is irrelevant, not reasonably calculated to

the discovery of admissible evidence, or burdensome").  Thus, "the objecting party

must specifically show in its response to the motion to compel, despite the broad

and liberal construction afforded by the federal discovery rules, how each request

for production or interrogatory is objectionable." ***Sonnino***, 221 F.R.D. at 670–71

(internal citation omitted).  In this context, the Court will address the parties

motions.

>   **1.    Defendant's Motion to Compel (Doc. 33, sealed).**

Defendant moves to compel supplemental responses to the following

discovery requests it served on Plaintiff:  Requests for Production Nos. 1, 5, 6, 7,

10, 12, 14, 15, 16, and 20, and Interrogatories Nos. 1, 3, 4, 5, 6, 8, 10, 11, 12, 16,

18, and 19.  (Doc. 34.)  In addition, Defendant requests an order compelling

Plaintiff to provide a fully executed and signed verification page.  (*Id.*)

In his response, the only discovery requests referenced by Plaintiff Request

No. 14.  (Doc. 39, at 1.)  Even then, Plaintiff merely contends that he "sent

Defendant the document's [sic] March 5, 2012.  Required by Fed.R.Civ.P.

26(a)(1)."  (*Id.*)  Whatever documents Plaintiff sent obviously did not satisfy

Defendant, however, as the present motion was filed *after* these documents were

allegedly produced.

Further, Plaintiff has thoroughly failed to address any of the discovery

requests at issue, his objections thereto, or the specific arguments contained in

Defendant's motion.  (*See generally* Doc. 39.)

> When a party fails, even inadvertently, to address its
> boilerplate or conclusory objections in response to a
> motion to compel, the party 'fails to meet its burden to
> support its objections.'  ***Sonnino v. University of Kansas
> Hosp. Authority***, 221 F.R.D. 661, 671 (D.Kan.2004).
> Thus, the Court is 'left without any basis to determine
> whether the objections are valid and applicable in light of
> the particular circumstances of the case.'  *Id.*  As such,
> any arguments that could have been made regarding
> production of this information have been waived.

***Jackson v. Coach***, 2008 WL 782635, at * 10 (D. Kan. March 20, 2008).  *See also*

***Sonnino,*** 221 F.R.D. at 670–71 (stating that a party that does not support an

objection to a discovery request in response to a motion to compel has abandoned

that objection); ***Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 661, 662,

666 (D.Kan.2004) (holding that party resisting discovery request based on

overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the

burden to support the objections); ***Cardenas v. Dorel Juvenile Group, Inc***., 232

F.R.D. 377, 380 (D.Kan. 2005) (holding that "[o]bjections initially raised but not

relied upon in response to the motion to compel will be deemed abandoned") .

Even assuming Plaintiff had not waived his objections, the Court finds the discovery requests at issue seek appropriate information.  For instance, information relating to Plaintiff's employment search and history (RFP Nos. 5, 20; Interrogatories Nos. 3, 10, 11, 12), income (RFP Nos. 6, 7, 10; Interrogatory No. 16), claims and allegations (RFP Nos. 12, 14; Interrogatory No. 19), other lawsuits, complaints or charges of discrimination (RFP Nos. 15, 16; Interrogatories Nos. 5, 6, ) as well as documents identified or maintained by Plaintiff (RFP. No. 1; Interrogatory No. 18), is clearly discoverable as it may lead to the discovery of admissible evidence.  The same is true for specific personal background information requested (Interrogatories Nos. 1, 4, 8).  These types of discovery requests are, in the Court's opinion, relative standard in employment discrimination cases brought in this District.

As such, Defendant's motion is **GRANTED**.  Plaintiff shall, **within 3 weeks of the date of this Order**, provide Defendant with thorough and supplemental responses to the Interrogatories and Requests for Production at issue in this motion, without objection.  This shall include, but not be limited to, production of the requested documents to the extent Plaintiff has the same.  Plaintiff is further ordered to provide a fully executed verification page authenticating his Answers.

The Court will not order Plaintiff to pay Defendant's costs and fees in regard to the present motion at this time.  The Court is satisfied that even though the Court has overruled his objections, Plaintiff raised his objections in good faith.

### 2.    Plaintiff's "Motion to Compel Production of Documents or, for an *In Camera* Inspection of Documents" (Doc. 41).

The discovery requests at issue were served on April 4, 2012.  Defendant timely submitted responses and objections on May 4, 2012.  (Doc. 32; Doc. 41, at 10-46.)  Plaintiff seeks an order from the Court compelling Defendant to "produce documents withheld on the grounds of privilege or for an *in camera* inspection of documents."  (Doc. 41, at 1.)  Plaintiff also requests Defendant provide an appropriate privilege log regarding documents withheld.  (*Id*.)

Plaintiff contends that he "made attempts and communicated" with opposing counsel regarding these issues on May 10, 11, 14, and 15, 2012.  (*Id*.)  According to Plaintiff, although he was promised responsive documents and a privilege log, none were forthcoming prior to him filing the present motion on May 23, 2012.  (*Id*.)

In response, defense counsel states that she was "hospitalized unexpectedly" on May 14, 2012.  (Doc. 51, at 1.)  Even so, she contacted Plaintiff the next day, stating that she would be out of the office "for the entire week," but would try to get the information to him by May 18, 2012.  (*Id*., at 1-2.)  Defense counsel indicates that she remained on medical leave and was unable to contact Plaintiff or

produce the documents by that date.  (*Id.*, at 2.)  Upon returning to work on a part-time basis on May 21, 2012, defense counsel began preparing the document production.  (*Id.*)  Plaintiff, however, filed the present motion on May 23, 2012, without informing defense counsel of the intention to file the motion "or otherwise indicate that he believes a discovery dispute exists between the parties."  (Doc. 41, at 1-2.)

Defendant subsequently made a supplemental document production (Doc. 44) and informed Plaintiff that "the only documents held back on the basis of privilege were counsel's interview notes created after this lawsuit was filed." (Doc. 51, at 2; Doc. 51-3, at 2.)  Defendant also served a privilege log on Plaintiff on June 8, 2012, after Plaintiff failed to indicate whether he would be withdrawing the present motion.  (Doc. 51, at 2-3; Doc. 51-4.)  Because Plaintiff has not filed a reply, the Court accepts these factual contentions by Defendant as uncontroverted.

Defendant objects that Plaintiff's motion should be denied because he failed to comply with the "meet & confer" requirements of D. Kan. Rule 37.2.  (*See* Doc. 51, at 3-4.)  The Court finds that Plaintiff's efforts to confer were adequate under the circumstances.  It is uncontroverted that the parties spoke on at least one occasion.  Plaintiff contends he made additional attempts to contact defense counsel.  Further, it is uncontroverted that defense counsel was out of the office for an extended period during this time due to a medical emergency.  While Plaintiff

may not have indicated that he was preparing to file a motion to compel, defense

counsel was aware that potential issues existed relating to the discovery responses.

The Court will not deny Plaintiff's motion on the basis of this procedural issue.

Even so, upon review of the discovery responses at issue as well as the

privilege log provided, the Court **DENIES** Plaintiff's motion.  Plaintiff has

requested an order compelling the production of documents "withheld on the

grounds of privilege . . . ."  (Doc. 41, at 1.)  It is uncontroverted that the only

documents so withheld were notes taken by counsel after the lawsuit was filed.

Such documents are clearly protected by the work product doctrine, which

"shelters the mental processes of the attorney, providing a privileged area within

which he can analyze and prepare his client's case."  *In re Qwest Commc'ns Int'l,*

*Inc.*, 450 F.3d 1179, 1186 (10th Cir.2006) (citing *U.S. v. Nobles*, 422 U.S. 225,

238, 95 S .Ct. 2160, 45 L.Ed.2d 141 (1975)).  Based on the information presented,

the Court finds no valid justification to perform an *in camera* inspection of the

documents.

**3.     Plaintiff's "Motion to Compel Responses to Plaintiff's Discover [sic] Requests" (Doc. 42).**

Plaintiff brings an additional motion relating to the same set of discovery

requests that were the subject of his motion described in section 2, *supra*.  As such,

the factual circumstances (including communications between the parties)

discussed in the previous section are incorporated herein by reference.  The Court

also incorporates its discussion of Defendant's objection that Plaintiff did not comply with the "meet & confer" requirements of D. Kan. Rule 37.2.  The Court's analysis thus turns to Defendant's substantive argument – that Plaintiff's motion should be denied on its merits for failing to provide "any indication of discovery requests that are the subject of his Motion to Compel."  (Doc. 52, at 3.)

Plaintiff's motion almost entirely consists of quotations of the "general objections" contained in Defendant's discovery responses.  Plaintiff has included no argument or discussion to speak of .  Even so, it is not difficult for the Court to surmise that Plaintiff is dissatisfied with Defendant's use of these "general objections."  This Court has expressly stated its disapproval of the use of "general objections" in responding to discovery.  *See U.S. ex rel. Minge v. Turbine Engine Components Techn. Corp*., No 07-1212-MLB-KGG, 2011 WL 2607082, at *1 (D. Kan. July 1, 2011) (holding that such objections are "worthless," "improper," and " leave[s] the discovery proponent unsure whether or not the objection correlates to withheld information").  The Court, therefore, **overrules** Defendant's general objections as they were initially raised and orders Defendant to provide supplemental responses to Plaintiff **within 3 weeks of the date of this Order**.

The Court is not, however, ruling on the validity or applicability of these objections in the context of particular discovery requests for the simple reason that they were raised in a general manner and have not been applied by Defendant to

specific discovery requests.  If any of the objections contained in Defendant's "general objections" apply to a particular discovery request, that objection shall be raised in Defendant's response to such specific discovery request.  Further, if any information is, in turn, being withheld from production because of such objection, Defendant shall so indicate in its supplemental response.  Plaintiff's motion is, therefore, **GRANTED**.

**B.      Plaintiff's Motion to Quash Subpoena (Doc. 38).**

Federal Rule of Civil Procedure 26(c) governs protective orders and provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending.... The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
>                                       * * *
>
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place, for the disclosure or discovery;
>
>                                       * * *
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;....

Fed.R.Civ.P. 26(c)(1).

The party seeking to quash a subpoena must show "good cause" for the requested protective order. *Id.*; ***Sloan v. Overton***, No. 08-2571-JAR-DJW, 2010 WL 3724873 (D.Kan. Sept. 17, 2010).  To establish "good cause" within the meaning of Rule 26(c), the party must clearly define the potential injury to be caused by dissemination of the information.  ***Zhou v. Pittsburg State Univ.***, No. 01-2493-KHV, 2002 WL 1932538, at *2 (D.Kan. July 25, 2002).

In addition, Federal Rule of Civil Procedure 26(b)(1) provides, in relevant part:

> [u]nless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).

Plaintiff brings the present motion arguing that the subpoena served on his former employer, Protection One Alarm Monitoring, Inc.,[2] seeking his employment

---

[2] Although the subpoena was not served on Plaintiff, he has standing to oppose the subpoena because he "has a personal right or privilege with respect to the subject matter requested in the subpoena."  ***Hertenstein v. Kimberly Home Health Care, Inc.***, 189 F.R.D. 620, 635 (D.Kan. 1999).

records is improper because "[f]uture employment prospects would be jeopardized if it became known that plaintiff were suing a former employer." (Doc. 38, at 1.) He also contends the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. (Doc. 38, at 2.)

Plaintiff cites case law from the Southern District of New York and the Southern District of Indiana to support his arguments. (*See* Doc. 38.) This Court, however, has held that similar subpoenas issued in workplace discrimination cases are both relevant and appropriate. *See Harroald v. Triumph Structure-Wichita, Inc.*, No. 10-1281-JAR-KGG, 2011 WL 2118648, at *3 (D. Kan. May 27, 2011).

Fed. R. Civ. P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." "'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." *Teichgraeber*, 932 F.Supp. at 1265. As stated above, discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden*, 137 F.R.D. at 341 (D.Kan.1991).

Defendant argues that the requested documents are relevant because they could contain information relevant to Plaintiff's claim for "intangible injuries" (which may include pain and suffering) and may be relevant to Defendant's after-acquired evidence defense.  (Doc. 43, at 3-4.)  Defendant also contends that because Plaintiff filed an employment discrimination claim against another employer "just one month before he allegedly suffered discriminatory treatment at the hands of Defendant," there may be information relevant to the credibility of Plaintiff's allegations of discrimination in this case.  (*Id*., at 4.)

The Court finds that, given the nature of Plaintiff's claims (including "intangible injuries") and the defenses raised by Defendant, the documents requested in the subpoenas to Plaintiff's former employers meet "the broad and liberal construction afforded by the federal discovery rules," ***Sonnino***, 221 F.R.D. at 670-171, and are discoverable.  The Court finds the subpoena to be more or less standard in the context of employment discrimination claims brought in this District.  As such, Plaintiff's Motion to Quash (Doc. 38) is **DENIED** and the documents requested in the subpoenas *duces tecum* are to be produced by Plaintiff's former employer.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel (Doc. 33, sealed) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Quash Subpoena (Doc. 38) is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's "Motion to Compel Production of Documents or, for an *In Camera* Inspection of Documents" (Doc. 41) is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's "Motion to Compel Responses to Plaintiff's Discover [sic] Requests" (Doc. 42) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 2nd day of August, 2012, at Wichita, Kansas.

s/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE