IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER GILKEY,                    )
                                       )
                      Plaintiff,       )
                                       )
vs.                                    )        Case No. 11-1369-JAR-KGG
                                       )
ADT SECURITY SERVICES, INC.,           )
                                       )
                      Defendant.       )
_____ )

## MEMORANDUM & ORDER

Before the Court is Defendant's motion to extend the discovery deadline for the purposes of deposing Plaintiff, deposing a representative of his former employer, and conducting discovery regarding any new witnesses identified during Plaintiff's deposition.  (Doc. 53.)  For the reasons set forth below, the Court **GRANTS** Defendant's motion.

Plaintiff, who is representing himself *pro se*, filed his action in Sedgwick County, Kansas, District Court, alleging claims of race discrimination and retaliation in employment.  (Doc. 1, at 5-6.)  Defendant removed the action to federal court, generally denying Plaintiff's allegations.  (Doc. 1; Doc. 6.)

There have been on-going and well-documented problems regarding discovery in this case.  The Court recently entered an Order (Doc. 63) granting Defendant's Motion to Compel (Doc. 33, sealed), denying Plaintiff's Motion to

Quash Subpoena (Doc. 38), denying Plaintiff's "Motion to Compel Production of Documents or, for an *In Camera* Inspection of Documents" (Doc. 41), and granting Plaintiff's "Motion to Compel Responses to Plaintiff's Discover [sic] Requests" (Doc. 42).

Defendant brings the present motion requesting an extension of the discovery deadline for the limited purposes enumerated above.  Plaintiff's only argument in opposition to the motion is that Defendant did not learn of his employment with Protection One until the mediation the parties held on May 9, 2012.  (Doc. 54.)  Thus, according to Plaintiff, the information should be considered confidential and inadmissible.  (*Id.*)  Defendant replies, however, that it learned of the prior employment when it received a Courthouse News Service report on April 23, 2012, that included mention of the lawsuit.  (Doc. 57, at 1.) Regardless of when Defendant learned of Plaintiff's prior employment, the Court sees no justification for finding this factual information to be confidential or generally inadmissible – particularly in an employment discrimination case.

The Court finds Defendant's requested extension to appropriate given the Court's recent rulings on the various discovery motions filed by the parties.  (*See* Doc. 63.)  The Court therefore **GRANTS** Defendant's motion.

In the Court's recent Order, Plaintiff was given until August 23, 2012, to provide supplemental discovery responses to Defendant.  (*Id.*, at 6.)  Defendant

2

will therefore be given until **September 23, 2012**, to depose Plaintiff and a representative from his former employer, Protection One.  The parties are instructed to confer forthwith to determine mutually agreeable places and times for these depositions.  The parties are advised that the Court will not look favorably upon a party whose behavior necessitates a request for Court intervention in scheduling the depositions.  Defendant will have **two weeks** from the date of Plaintiff's deposition to serve additional written discovery regarding any new issues identified during Plaintiff's deposition.  Defendant will have **four weeks** from the date of Plaintiff's deposition to complete depositions of any new witnesses identified during Plaintiff's deposition.

IT IS THEREFORE ORDERED that Defendant's Motion for Extension of Discovery Cutoff Deadline for a Limited Purpose (Doc. 53) is **GRANTED** as more fully set forth above.

**IT IS SO ORDERED**.

Dated this 20th day of August, 2012, at Wichita, Kansas.

S/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE