# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CHRISTOPHER JON GILKEY,  )
　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　 )
　　　　　　　　　　　　　)
vs.　　　　　　　　　　　 )　　Case No. 11-1369-JAR
　　　　　　　　　　　　　)
ADT SECURITY SERVICES, INC.,  )
　　　　　　　　　　　　　)
　　　　　　　Defendant.　 )
　　　　　　　　　　　　　)

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Christopher Gilkey's Motion for Reconsideration (Doc. 100). The Court granted Summary Judgment for Defendant in this case on March 1, 2013, and entered Judgment that same day.[1] Plaintiff appealed and on July 3, 2013, The Tenth Circuit Court of Appeals affirmed that decision.[2] Plaintiff then filed a motion to reopen his case on July 17, 2013.[3] Plaintiff failed to set forth any grounds for relief from judgment under Fed. R. Civ. P. 60(b), and merely attempted to submit documentation that was in his possession prior to the motion for summary judgment. Therefore, the Court denied Plaintiff's motion to reopen the case on August 6, 2013.[4] On August 15, 2013, Plaintiff filed the instant motion, asking the Court to reconsider its Order denying his motion to reopen this case.

Local Rule 7.3(a) provides that "[p]arties seeking reconsideration of dispositive orders or

---

[1] Docs. 85, 86.

[2] *See* Doc. 95.

[3] Doc. 93.

[4] Doc. 97.

judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."[5] A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[6] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[7] Rule 60(b) provides that the Court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[8]

Plaintiff presents no valid legal argument to warrant relief from the Court's order. Instead, he repeats his argument that he should have presented documents to the Court that were in his possession prior to the summary judgment rulings, and that "[t]his court [sic] decision for

---

[5] D. Kan. Rule 7.3(a).

[6] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

[7] *Servants*, 204 F.3d at 1012; *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

[8] Fed. R. Civ. P. 60(b).

summary judgment for Defendant was based off of facts with merit but without all the material facts to decide the case."[9]  Plaintiff has not shown grounds for relief under Rule 59(e) or Rule 60. Accordingly, Plaintiff's motion for reconsideration is denied.

Defendant argues that Plaintiff's motion is frivolous, unreasonable and vexatious, and asks the Court to impose sanctions in the form of reasonable attorney's fees and costs incurred in responding to the present motion.  The Court denies Defendant's request for sanctions at this time.  However, if Plaintiff continues to file motions lacking valid legal arguments, the Court will consider such a request in the future.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Reconsideration (Doc. 100) is DENIED.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Motion for Leave to File Under Seal (Doc. 102) is **MOOT** and therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: <u>September 17, 2013</u>

                                          S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          UNITED STATES DISTRICT JUDGE

---

[9]Doc. 101, at 2.