**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CHRISTOPHER JON GILKEY,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) Case No. 11-1369-JAR |
| **ADT SECURITY SERVICES, INC.,** | ) ) ) |
| **Defendant.** | ) ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Christopher Gilkey's Motion for Reconsideration (Doc. 105) and Defendant ADT Security, Inc's Motion for Sanctions (Doc. 108). The Court granted Summary Judgment for Defendant in this case on March 1, 2013, and entered Judgment that same day.[1] Plaintiff appealed, and on July 3, 2013, The Tenth Circuit Court of Appeals affirmed that decision.[2] Plaintiff then filed a motion to reopen his case on July 17, 2013.[3] Plaintiff failed to set forth any grounds for relief from judgment under Fed. R. Civ. P. 60(b), and merely attempted to submit documentation that was in his possession prior to the motion for summary judgment. Therefore, the Court denied Plaintiff's motion to reopen the case on August 6, 2013.[4] On August 15, 2013, Plaintiff filed a Motion for Reconsideration, asking

---

[1] Docs. 85, 86.

[2] *See* Doc. 95.

[3] Doc. 93.

[4] Doc. 97.

the Court to reconsider its Order denying his motion to reopen this case.[5] The Court entered a Memorandum and Order denying Plaintiff's Motion for Reconsideration, finding that Plaintiff had not shown grounds for relief under Rule 59(e) or Rule 60.[6] The Memorandum and Order also cautioned that although the Court was denying Defendant's request for sanctions at that time, "if Plaintiff continues to file motions lacking valid legal arguments, the Court will consider such a request in the future."[7] Plaintiff subsequently filed the instant Motion for Reconsideration, seeking "a reversal for summary judgment against the defendant."

Local Rule 7.3(a) provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."[8] A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[9] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[10] Rule 60(b) provides that the Court may relieve a party from a final judgment for the following reasons:

---

[5]Doc. 100.

[6]Doc. 104.

[7]*Id.*

[8]D. Kan. Rule 7.3(a).

[9]*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

[10]*Servants*, 204 F.3d at 1012; *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

2

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[11]

Once again, Plaintiff presents no valid legal argument to warrant relief from the Court's judgment. Instead, he rehashes arguments previously addressed or presents new facts that could have been raised earlier. Rule 60(b) is "not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument."[12] Once again, "[w]ithout exception, the arguments and evidence presented by plaintiff in his Rule 60(b) motion could have been—and should have been— presented in response to defendant's motion for summary judgment."[13] Plaintiff has failed to show grounds for relief under Rule 59(e) or Rule 60. Accordingly, Plaintiff's motion for reconsideration is denied.

Defendant ADT has filed a motion for sanctions, requesting its reasonable attorney's fees and costs incurred in responding to this motion, or any other relief deemed appropriate by the Court. The Court declines to award attorney's fees, noting that the Court granted Plaintiff's

---

[11] Fed. R. Civ. P. 60(b).

[12] *Daneshvar v. Graphic Tech., Inc.*, No. 04-2212-JWL, 2007 WL 2066860, at *1 (D. Kan. July 17, 2007) (citing *FDIC v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998)).

[13] *Id.*

3

motion to proceed on appeal *in forma pauperis* based on his insufficient financial resources.[14] However, the Court finds that Plaintiff shall be restricted from filing any further pleadings in this closed case.

"[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."[15] Under 28 U.S.C. § 1651, this Court has the authority to enjoin a litigant who abuses the court system through vexatious and harassing litigation.[16] The Court may "regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances."[17] An injunction may be appropriate where the Court sets forth the litigant's abusive and lengthy history, where the litigant is given notice and an opportunity to be heard, and where the Court makes clear the requirements the plaintiff must meet in order to obtain permission to file an action.[18] The Court is to evaluate the following five factors in determining whether a litigant's future access to the court should be limited:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g. does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5)

---

[14] Doc. 91.

[15] *Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013) (citation omitted); *see also In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994).

[16] *See, e.g., Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989).

[17] *Zhu v. Fed. Housing Fin. Bd.*, No. 04-2539-KHV, 2007 WL 1266887, at *3 (D. Kan. May 1, 2007) (citation omitted).

[18] *Tripati*, 878 F.2d at 353–54.

4

> whether other sanctions would be adequate to protect the courts and other parties. "Ultimately, the question the courts must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties."[19]

The Court finds that these factors warrant imposing filing restrictions on Plaintiff in this closed case. Plaintiff continues to file motions to reconsider, despite the Court's warning that sanctions may be imposed if he continued to file motions lacking valid legal arguments. The Court finds that restrictions on Plaintiff's future filings in this closed case are warranted to protect the Court and Defendant from needless time and expense in responding to future motions to reconsider or other filings. Plaintiff will be required to obtain leave of Court to submit future filings in this closed case. Plaintiff shall submit any proposed filings in this case to the Clerk of the Court, who shall forward them to a judge of this Court for a determination whether the pleading is lacking in merit, duplicative, or frivolous. The Court will either allow the filing or issue an order denying it. Plaintiff is ordered to show cause within twenty-one days from the date of this order why this Court should not enter the proposed restriction on filings in this case. Absent a response to this order to show cause, the proposed restrictions will become effective immediately. If Plaintiff does respond, the proposed restrictions will not enter unless the Court so orders, after it has considered the response and ruled on Plaintiff's objections.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Reconsideration (Doc. 105) is **DENIED.**

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Motion for Leave to File Under Seal (Doc. 107) is **MOOT** and therefore **DENIED**.

---

[19]*United States v. Kettler,* 934 F.2d 326 (table), 1991 WL 94457, at *6 (D. Kan. June 3, 1991) (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)) (citations omitted).

**IT IS FURTHER ORDERED BY THE COURT** that Defendant ADT Security, Inc.'s Motion for Sanctions (Doc. 108) is **DENIED**, but Plaintiff is ordered to show cause within twenty-one days from the date of this Order why this Court should not impose future filing restrictions on Plaintiff as follows: The Clerk shall not accept or file any *pro se* submissions, filings, pleadings or other documents by Plaintiff Christopher Gilkey in this Case No. 11-1369 without express authorization from the Court. Plaintiff shall submit any proposed filings in this case to the Clerk of Court, who shall forward them to a judge of this Court for a determination whether the pleading is lacking in merit, duplicative, or frivolous. The Court will either allow the filing or issue an order denying it.

**IT IS SO ORDERED.**

Dated: November 21, 2013

                                                    S/ Julie A. Robinson

                                                    JULIE A. ROBINSON

                                                    UNITED STATES DISTRICT JUDGE